# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **JAMES DEWAYNE LANGLEY** <br>     **LA. DOC #102744** | **CIVIL ACTION NO. 3:12-cv-1017** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JACKSON PARISH CORRECTIONAL** <br> **CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff James Dewayne Langley, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 24, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Jackson Parish Correctional Center (JPCC), Jonesboro, Louisiana. Plaintiff complains that he is being discriminated against because his repeated requests to participate in a work-release program have been denied. Plaintiff sued JPCC, the LaSalle Management Co., and Work Release Officers J. Benson and Lt. Johns.   He prays that he "... be submitted to D.O.C. for approval in the work release program, for City of Faith in Monroe, La., and Jackson Parish Corr. Center pay [him] minimal wage from the date [he] was denied by charges 1-20-12 at a Certified Cook wage."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted as provided by 28 U.S.C. §§1915 and 1915A.

In a separate motion he seeks discovery. [Doc. 10] He also asks this Court to "monitor" the on-going litigation filed in the Second Judicial District Court. [Doc. 9] For the reasons that follow, both of those motions must also be **DENIED.**

### *Background*

Plaintiff is a prisoner in the custody of the LDOC. He was convicted of aggravated burglary in 1992 and sentenced to serve 25 years at hard labor; on January 13, 2001, his sentence was reduced to 21 years. On some unspecified date he was apparently released on parole. While on parole he was convicted of theft of goods. His parole was revoked and he was ordered to serve 5 ½ years on the theft conviction with the sentences to be served concurrently.

According to plaintiff, he was previously approved as a trusty at other LDOC facilities where he was housed prior to the revocation of his parole.  Nevertheless, his requests for referral to work-release were "denied by charges" by the defendants.

He filed suit in the Second Judicial District Court based upon the denials of his request. He then filed suit in this Court. He implies that he is entitled to participate in the work-release program administered either by JPCC, the LDOC, or the City of Faith Community Correctional Center, Monroe.

### *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§§ 1915 and

1915A.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Plaintiff filed an original complaint succinctly stating his claims for relief. Further amendment would serve no useful purpose.

## 2. Work Release – Due Process/Equal Protection

In order to obtain relief under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff claims that the defendants, who are state actors, deprived him of his right to participate in the work release program; he implies that in so doing, the defendants violated his right to Due Process.

3

Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claim is  frivolous.   La. R.S.15:1111, the statute establishing the LDOC's work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..."  The statute's local counterpart,  La. R.S.15:711 provides, "The sheriff of each parish ... is hereby authorized to establish and administer a work release program for inmates of any jail or prison under his jurisdiction.... Each sheriff shall establish written rules for the administration of the work release program and shall determine those inmates who may participate in the program..."

In *Welch v. Thompson*, 20 F.3d  636 (5th Cir. 1994),  the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC.  The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d  636, 644 (5th Cir. 1994). It is reasonable to conclude that R.S.15:711 likewise does not create a liberty interest.

Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks

4

an arguable basis in law and fact.  In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it.  Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied).   Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988. Plaintiff can point to no rule or understanding which entitles him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest in work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995).Plaintiff is not entitled to participate in the work-release programs administered by the Department of Corrections, the JPCC, or, or the City of Hope, and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, his claims are subject to dismissal as frivolous.

Plaintiff also implies that he is a victim of discrimination and thus a violation of the Equal Protection Clause of the Fourteenth Amendment. In order to state a claim of discrimination under the Equal Protection Clause, plaintiff must demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.2004). A discriminatory purpose "implies that the decision maker singled out a particular group for

5

disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001). Plaintiff has made no such showing and thus, any implied equal protection claim is also subject to dismissal as frivolous.

### 3. Discovery and Other Motions

Plaintiff has also requested discovery and inspection of documents. [Doc. 10] Since dismissal is recommended prior to service of process in accordance with the provisions of Section 1915, plaintiff is not entitled to discovery and therefore his motion should be denied.

Further, plaintiff asks the Court to monitor his on-going suit in the Second Judicial District Court, and presumably correct errors of law committed by the Court.  A federal court may not interfere with a state court's application of state law.  *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]...").   Contrary to plaintiff's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

### Conclusion and Recommendation

Therefore,

Plaintiff's Motion for Discovery [Doc. 10] and his Motion to Monitor the proceedings in the Second Judicial District Court [Doc. 9] are **DENIED;** and,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, June 28, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE